IN RE:

    Carl S. Sidenstricker, Jr.,
        *Debtor*

v.

FLAGSTAR BANK, FSB,        CASE NO. 1:19-bk-05165-HWV

BANK OF AMERICA,

And        CHAPTER 13

JACK ZAHAROPOULOS
CHAPTER 13 TRUSTEE,
    *Respondents*

## ORDER APPROVING SALE OF REAL PROPERTY MOTION TO SELL REAL ESTATE FREE AND CLEAR PURSUANT TO 11 U.S.C. §363(b) and §363(f)

    The Motion of the Debtor, Carl Sidenstricker Jr., to Approve the Sale of Real Property Pursuant to 11 U.S.C. §363(b) and §363(f) and Approve Distribution of Proceeds ("Motion") having come this day before the Court, and following Notice to creditors in the above case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real Property (as defined below) is in the best interests of the Debtor and her estate, and that such sale is made in good faith, and that the consideration offered is fair and reasonable; it is **HEREBY ORDERED** that:

    1. The Debtor, Carl S. Sidenstricker, Jr., is authorized to sell the Real Property located at and known as 841 Hershey Heights Road, Hanover, Pennsylvania 17331 (the "Real Property"), under the terms of and pursuant to that certain Agreement between the Debtor as Seller, and Live Ready, LLC, as Buyer, (the "Agreement") free and clear of all liens, mortgages and encumbrances of Respondents and as set forth in the Motion. Such sale shall be to Buyers for the total consideration of $118,665.00 (the "Consideration").

    2. All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order. The secured liens against the Real Property are mortgages held by Flagstar Bank, FSB and Bank of America and real property taxes owed to the York County Tax Claim Bureau and/or the local tax collector. All secured claims will be paid pursuant to the terms of the approval letters provided by each of the secured lien holders. Closing must occur by 8/18/21 and all lien creditors must provide final approval for closing documents prior to closing or the lien(s) shall remain on the Real Property.

    3.    The distribution of the funds generated by the sale of the Real Property shall be as follows:

        a.    Payment to mortgage holder Flagstar Bank, FSB in the amount of $103,089.11;

        b.    Payment to Bank of America, N.A. in the amount of $4,793.00.

      c.      Any present and past due real estate taxes owed on the Property prorated to the date of sale;

      d.      Any notarization or incidental filing or recording fees required to be paid by the Debtor as Sellers;

      e.      Any costs associated with the preparation of the Deed or normal services with respect to closing and realtor commission;

      f.      Attorney fees and cost reimbursements to CGA Law Firm, P.C. in the amount of $1,500.00 for services in connection with this transaction within this Chapter 13 case, plus reimbursement of court costs of $181.00.

      g.      Realty transfer tax to be paid as per the terms of the Agreement of Sale;

4. The sale is to a good faith purchaser and for fair market value within the meaning of 11 U.S.C. §363(m) and In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 142 (3rd Cir. 1986).

5. The Debtor is empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Property.

6. Fed.R.Bankr. P Rule 6004(h) is not applicable, and the Real Property may be sold and purchased promptly.

7. Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtor with certified copies of this Order, as are necessary to be recorded in the Office of the Recorder of Deeds of York County, Pennsylvania.

{01991232/1}

Case 1:19-bk-05165-HWV    Doc 54    Filed 08/19/21    Entered 08/19/21 08:39:48    Desc
Main Document    Page 2 of 2