IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CARL E. SIDENSTRICKER, JR., | : | CHAPTER 13 |
| Debtor | : | |
| | : | CASE NO. 1:19-bk 005165-HWV |
| JACK N. ZAHAROPLOS, TRUSTEE, | : | |
| Objectant | : | |
| | : | |
| vs. | : | |
| | : | |
| BRENT C. DIEFENDERFER, | : | |
| Applicant. | : | |

**TRUSTEE'S OBJECTION TO THIRD
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

NOW COMES Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Third Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on April 13, 2022 and states as follows:

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On December 5, 2019, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

3. On April 13, 2022, Applicant filed his Third Application for Interim Compensation and Reimbursement of Expenses. (ECF No.65)

4. The District has determined that $4,500.00 is a presumptively reasonable fee for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

5. Prior to the most recent fee request, Applicant has submitted fee applications in this case totaling $5,847.76. (ECF No. 33, 48)

1

6. Applicant's Third Fee Application requests an additional $1,216.03 in fees. (ECF No. 65)

7. The Third Fee Application includes charges for services that are duplicative and excessive relative to the complexity of the services performed and are therefore not allowable under § 330(a). Section § 330(a)(6) provides: "Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application."

8. On August 10, 2021 Paralegal charged 12 minutes to "Finalize, file Second Fee Application and supporting documentation, Notice and Certificate of Service with the Court; Enter ticklers for same; File with the Court." On March 30, 2022 Applicant charged 12 minutes for "Work on fee application, coordinating instructions with paralegal." Then on March 31, 2022 Paralegal charged one hour and 12 minutes for "First draft of Third Fee Application including Exhibits, Summary, Notice, and proposed Order, Drafting of cover letter to client forwarding the Third Fee Application for his review." Debtor was charged a total of $209 for preparation of the Fee Applications. This is unreasonable when taking into consideration the number of fee applications prepared previously, and the reasonable amount of time allotted to prepare the applications.

9. Further, the Fee Application includes charges for services that are unnecessary to the administration to the case; and excessive relative to the complexity of the case which are therefore not allowable under § 330(a).

10. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the

value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

11. On March 9, 2022 Paralegal charged 12 minutes to "Analyze Motion to Dismiss filed by Chapter 13 Trustee Office; Prepare and send letter to client with enclosure of Motion to Dismiss. Put hearing date on Attorney Brent C. Diefenderfer calendar. On March 12, 2022 Applicant charged 18 minutes for "Receipt and analysis of trustee's motion to dismiss. Email to client regarding deadline, cure payment, modification of plan, etc." The debtor was charged $106.5 for these services which are duplicative and clerical in nature and should not be charged other than as overhead.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097


/s/ Douglas R. Roeder
Attorney for Trustee

# CERTIFICATE OF SERVICE

AND NOW, this 4th day of May 2022, I, Elizabeth Fitzgerald, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Brent C. Diefenderfer, Esquire
CGA Law Firm
135 North George Street
York, PA 17401
E:bdiefenderfer@cgalaw.com

/s/ Elizabeth Fitzgerald
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097